## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

BETTY CAMPBELL,

     PLAINTIFF,

vs.                           CASE NO. CV 09-J-1937-NE

UNITED STATES OF AMERICA,

     DEFENDANT.

### MEMORANDUM OPINION

Pending before the court is the defendant's motion to dismiss (doc. 6), a memorandum in support of said motion (doc. 7), and the plaintiff's response (doc. 9). Having considered the motion, response, and all other pleadings filed to date, the court finds as follows:

This action is brought against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), which provides the exclusive remedy for tort actions against the United States, to the extent that the FTCA waives sovereign immunity. 28 U.S.C. § 2679(a); *Dalehite v. United States*, 346 U.S. 15, 30-31, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). The FTCA allows recovery against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United

States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

In her complaint, the plaintiff alleges that she was injured in an on-the-job accident on July 2, 2007, when she slipped and fell on water accumulated on the floor of Marshall Space Flight Center, which is owned, controlled and managed by the defendant. Complaint, ¶¶ 2-3. Plaintiff's employer, non-party Boeing Company, has settled the plaintiff's worker's compensation claim. The plaintiff now seeks tort damages from defendant on the theory that her injuries resulted from defendant's negligent or wanton care and/or maintenance of the buildings occupied by her employer. Specifically, plaintiff asserts that her injuries were the direct result of defendant's failure to repair the roof of the building where she worked and failure to provide adequate lighting. *Id.,* ¶ 5.

The defendant filed a motion to dismiss asserting that the plaintiff's complaint fails to state a claim upon which relief may be granted, on the theory that the Alabama Worker's Compensation Act precludes an action for damages against the defendant, relying wholly on *Kirby v. Tennessee Valley Authority*, 877 F.Supp.578 (N.D.Ala.1994). The plaintiff responds that she is not asserting a claim for occupational safety and health, as was the case in *Kirby*, which she admits would be barred by the Alabama Worker's Compensation Act, but rather a "simple, two count,

premises liability claim for the Defendant's failure to keep their leased office space in a reasonable condition."  Plaintiff's response, at 2.

If, in fact, the plaintiff's claims are really for occupational safety and health services provided by the defendant, then they are barred by §25-5-11, *Alabama Code 1975, as amended*.  That section states in relevant part:

> (a) If the injury or death for which compensation is payable under Articles 3 or 4 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not the party is subject to this chapter, the employee, or his or her dependents in case of death, may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and at the same time, may bring an action against the other party to recover damages for the injury or death, and the amount of the damages shall be ascertained and determined without regard to this chapter.... If a party, other than the employer ... is a governmental agency providing occupational safety and health services ... the injured employee ... may bring an action against ... the governmental agency ... only for willful conduct which results in or proximately causes the injury or death.

Ala.Code 1975 § 25-5-11(a).

According to the defendant, this case is wholly resolved by *Kirby, supra*.  In *Kirby*, an employee of an engineering corporation working on a project Tennessee Valley Authority ("TVA")  premises, was injured due to "a series of steps of uneven length and height in a defective condition safety handrail caused the Plaintiff to fall." *Id*., at 579.  The plaintiff in Kirby alleged his injuries were "a proximate consequence of [TVA's] negligence and/or wantonness."  *Id*.  The court ruled that the above cited

provision of the Alabama Code, as well as § 25-5-53 Ala.Code, barred the plaintiff's suit for damages for all but willful conduct.  No willful conduct was alleged in the plaintiff's complaint.

Because this issue is before the court on a motion to dismiss, the court has no evidence from which to determine whether the defendant had any responsibilities to provide for the health and safety of the employees of Boeing.  While the plaintiff's complaint could feasibly state a claim for failure to provide her with a reasonably safe work environment, she has chosen not to so phrase her claim.  Rather, she asserts the *Kirby* case is distinguishable from the facts before this court in that the plaintiff here sues only for "premises liability."  She states that the defendant "negligently and/or wantonly permitted rainwater to leak from the roof of its building and created a puddle, causing the Plaintiff to fall."  Plaintiff's response, at 2.   In her wantonness claim, the plaintiff asserts that "Defendant knew, or in the exercise of reasonable case, should have known, that its failure to repair and/or warn would likely result in injuries to workers within Building 4708."  Complaint, ¶ 16.

Assuming, without deciding, that the plaintiff is correct and that her claim is not barred by the Worker's Compensation provisions, the court examines whether the plaintiff is entitled to proceed on her claim against defendant on a theory of premises liability, under Alabama law.  There are two wholly distinct lines of cases the court

could follow, both under the general guise of "premises liability." The court considers

each of these in turn. The first line of cases holds that:

> "[T]he duty owed by the landowner to a person injured on his premises
> because of a condition on the land is dependent upon the status of the
> injured party in relation to the land." *Christian v. Kenneth Chandler
> Constr. Co.*, 658 So.2d 408, 410 (Ala.1995).
>
> > " 'The three classifications of persons coming onto the land
> > are trespasser, licensee, and invitee .... In order to be
> > considered an invitee, the plaintiff must have been on the
> > premises for some purpose that materially or commercially
> > benefited the owner or occupier of the premises.' "
>
> *Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So.2d 158, 161
> (Ala.1997) (quoting Sisk v. Heil Co., 639 So.2d 1363, 1365
> (Ala.1994)).

*Edwards v. Intergraph Services Co., Inc.*, 4 So.3d 495, 500 (Ala.Civ.App.2008). An

employee of a tenant is considered an invitee of the landowner. *Latham v. Aronov

Realty Co.* , 435 So.2d 209, 210 (Ala.,1983); citing *Coggin v. Starke Bros. Realty

Co., Inc.*, 391 So.2d 111, 112 (Ala.1980); *Mudd v. Gray*, 200 Ala. 92, 75 So. 468

(1917).

As such, the court finds that the plaintiff may be classified as a business invitee of the

defendant at the time of her injury.

The court therefore turns to the issue of what duty the plaintiff was owed by the

defendant. The occupant of premises has a duty to business invitees to use reasonable

care and diligence to keep the premises in a safe condition; or, if his premises are in

a dangerous condition, to give sufficient warning, so that, by the use of ordinary care,

his invitees may avoid the danger. *Edwards v. Hammond,* 510 So.2d 234, 236

(Ala.1987); *Lamson & Sessions Bolt Co. v. McCarty*, 234 Ala. 60, 173 So. 388

(1937). Accordingly, an invitor is not liable for injuries to an invitee that are caused

by a danger known to the invitee or by one that should have been observed by the

invitee in the exercise of reasonable care. *Quillen v. Quillen*, 388 So.2d 985

(Ala.1980). "The entire basis of an invitor's liability rests upon his superior

knowledge of the danger which causes the invitee's injuries." *Id*. at 989.

Under Alabama law, in the context of slip-and-fall cases involving a puddle in

a store, a plaintiff must prove one of three things: (1) that the defendant had actual

notice that the puddle was on the floor; (2) that the puddle had been on the floor for

a sufficiently long period of time so that the store had constructive notice of the

hazard; or (3) that the store was otherwise delinquent in failing to discover and

remove the puddle of water. *Rayburn v. Wal-Mart Stores, Inc*., 2009 WL 2905600,

3 (M.D.Ala.2009), citing *Williams,* 584 F.Supp.2d at 1319; *Maddox*, 565 So.2d at

15; *Cox v. Western Supermarkets, Inc*., 557 So.2d 831, 832 (Ala.1989); *Richardson

v. Kroger Co.*, 521 So.2d 934, 935-36 (Ala.1988). The entire basis of an invitor's

liability rests upon his superior knowledge of the danger which causes the invitee's

injuries. Therefore, if that superior knowledge is lacking, as when the danger is

6

obvious, the invitor cannot be held liable.'" *Hale v. Kroger Ltd. Partnership I,* 2009 WL 1887434, 4-5  (Ala.Civ.App.,2009).

Having again considered the plaintiff's complaint, the court notes that the plaintiff makes no allegations that this puddle occurred regularly when there was rain; that the roof in that particular spot was known to be leaking; whether this fall was at the start or the end of the work day; or any other allegation that the defendant, as owner, but not occupier, of the building, had any notice that such a puddle could form, thus creating a danger to an employee of the building's occupier, such as the plaintiff.

Wholly distinct from those cases discussed above are  "the principles regarding the legal duty of a premises owner to provide a safe place to work for employees of an independent contractor..." *Weeks v. Alabama Electric Cooperative, Inc.*, 419 So.2d 1381, 1383 (Ala.1982); *see, e.g., Alabama Power Co. v. Smith*, 409 So.2d 760 (Ala.1981); *Thompson v. City of Bayou La Batre*, 399 So.2d 292 (Ala.1981); *Pate v. United States Steel Corp.*, 393 So.2d 992 (Ala.1981); *Hughes v. Hughes*, 367 So.2d 1384 (Ala.1979); *Evans v. Kendred*, 362 So.2d 206 (Ala.1978); *Chrysler Corp. v. Wells*, 358 So.2d 426 (Ala.1978).  As a general rule, because there is no agency relationship between them, a premises owner owes no duty of care to employees of an independent contractor with respect to working conditions arising

during the progress of the work on the contract. *Weeks*, 419 So.2d at 1383; *Thomas v. Pepper Southern Construction, Inc.*, 585 So.2d 882, 883 (Ala.1991). However, an exception to the general no-duty rule is that an owner may be liable if it retains or reserves the right to control the manner in which the independent contractor performs its work. *Weeks,* 419 So.2d at 1383. Clearly, if this second line of cases applies to the plaintiff's premise liability claim, she cannot prevail.

As already noted by the court,  being that this issue is before the court on a motion to dismiss, the court has no evidence from which to determine the actual relationship and hence the  responsibilities of the plaintiff's employer and the defendant.  As such, the defendant's motion will be denied as to Count I of the plaintiff's complaint, by separate order.

In her complaint, Campbell also raises a claim of wantonness against Wal-Mart. By statute, wantonness is defined as "conduct which is carried on with a reckless or conscious disregard of the rights or safety of others."§ 6-11-20-(b)(3), Ala.Code. "While ordinary negligence involves inadvertence, wantonness requires a showing of a conscious or an intentional act." *Williams v. Wal-Mart Stores, Inc.*, 584 F.Supp.2d 1316, 1321 (M.D.Ala.2008); citing *Hicks v. Dunn*, 819 So.2d 22, 24 (Ala.2001).

The defendants assert that the plaintiff's claim for wantonness is due to be dismissed because it fails to meet the pleading standards set forth in *Bell Atlantic*

*Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

While complaint need not contain "detailed factual allegations," *Twombly*, 550 U.S. at 555, it does have to set forth "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

To satisfy the pleading requirements of the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement showing an entitlement to relief, and must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.(internal citations omitted).

As a whole, Count II of the plaintiff's complaint is insufficient to meet the requirements of *Ashcroft v. Iqbal*, 556 U.S. – , 129 S.Ct. 1937 (2009), set forth above.  The plaintiff offers no more than the conclusory allegation that the defendant "knew, or in the exercise of reasonable care, should have known, that its failure to repair and/or warn would likely result in injuries to workers..."  Complaint, ¶ 16. Lacking is any allegation that the defendant knew or should have known that water would, could, or did accumulate in that particular spot in the floor, or that there was any problem with the roof of that particular building which should have put the defendant on notice that a danger was imminent.

Having considered said motion and response, and taking the allegations of the complaint as true, the court is of the opinion that the motion to dismiss is due to be granted as to Count II of the plaintiff's complaint, and the court shall so rule by separate order.

**DONE** and **ORDERED** this the 11th day of January, 2010.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE